IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EDDIE L. HUGLEY, JR,                )
                                    )
            Petitioner,             )
                                    )
v.                                  )    Case No. CIV-10-336-D
                                    )
H.A. RIOS, JR., WARDEN,             )
ATTORNEY GENERAL OF THE             )
UNITED STATES,                      )
                                    )
            Respondents.            )

**REPORT AND RECOMMENDATION**

Pursuant to a guilty plea, Mr. Eddie L. Hugley, Jr. was convicted in the Western

District of Oklahoma on charges involving possession of crack cocaine with intent to

distribute and possession of a firearm after a misdemeanor conviction involving domestic

violence. In the present action, Mr. Hugley seeks relief in the form of: (1) dismissal of the

indictment; (2) an "original writ of habeas corpus;" (3) a declaratory judgment; and (4) a writ

of habeas corpus under 28 U.S.C. §§ 2241 and 2242. The Court should dismiss the action.[1]

The Petitioner's Claims

Mr. Hugley alleges:

1.      The trial court lacked subject-matter jurisdiction in the criminal case;

---

[1]     Under the federal rules, the Court should screen the petition to determine its facial validity.
*See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule
1(b), Rules Governing Section 2254 Cases in the United States District Courts (stating that the rules
for Section 2254 cases may be applied in habeas actions involving other sections).

2.      the sentencing scheme was unjustifiably severe for offenses involving crack cocaine;

3.      the statutes underlying the charges were not properly enacted;

4.      plea bargaining is unconstitutional; and

5.      he is actually innocent.

Mr. Hugley states that he does not want the Court to treat the present action as a motion to vacate the sentence under 28 U.S.C. § 2255. However, the threshold question is whether he can pursue his claims through a separate action to dismiss the indictment, to grant a declaratory judgment, to issue an "original writ of habeas corpus," or to issue a writ under 28 U.S.C. § 2241 or 2242. The Court should answer in the negative, as Section 2255 provides the exclusive remedy for all of the substantive claims.

### Dismissal of the Indictment

In part, Mr. Hugley urges dismissal of the indictment that had led to his conviction. This form of relief is not available in the present action.

Federal Rule of Criminal Procedure 12(b)(3)(B) generally requires a defendant to assert defects in the indictment prior to trial. If the defect involves the court's jurisdiction or statement of an offense, the defendant can raise the issue at any time while the case is pending.[2]

Under Rule 12(b)(3)(B), Mr. Hugley had a duty to present the issue in the criminal case while it was pending. Conceivably, Mr. Hugley might be able to challenge the

---

[2]      *See* Fed. R. Crim. P. 12(b)(3)(B).

indictment through a motion under 28 U.S.C. § 2255.[3]  But, as noted above, Mr. Hugley has

asked the Court not to construe the present action as one under Section 2255.[4]  The Court

lacks authority to entertain a motion to dismiss the indictment through a separate action like

the present one.  As a result, the Court should dismiss the Petitioner's challenge to the

indictment.

"Original Writ of Habeas Corpus"

Mr. Hugley also seeks an "original writ of habeas corpus" and a writ of habeas corpus

under Section 2241, as if they are two different remedies.  The Court cannot be certain

regarding Mr. Hugley's intention with his reference to an "original writ of habeas corpus."

Generally, however, the phrase refers to the authority under 28 U.S.C. § 2241(a) for the

Supreme Court, a single justice, or a single circuit judge to issue a writ of habeas corpus.[5]

---

[3]      The Tenth Circuit Court of Appeals has "repeatedly held that a motion to dismiss an indictment, pursuant to Fed.R.Crim.P. 12(b)(2), must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion." *United States v. Preciado-Quinonez*, 53 Fed. Appx. 6, 7-8 (10th Cir. Dec. 9, 2002) (unpublished op.) (citations omitted).  For example, an analogous issue arose in *United States v. Nelson*, 48 Fed. Appx. 308 (10th Cir. Oct. 7, 2002) (unpublished op.).  There a federal prisoner was convicted of conspiracy to possess cocaine base with intent to distribute.  *See United States v. Nelson*, 48 Fed. Appx. at 309. The defendant later argued that the indictment had been void under Federal Rule of Criminal Procedure 12(b)(2) because it did not charge all of the elements of the offense.  *See id.*  The federal district court treated the challenge to the indictment as a Section 2255 motion, and the Tenth Circuit Court of Appeals upheld this characterization because "a Rule 12(b)(2) motion may not be filed after judgment and sentence have been entered."  *Id.* at 309-10 (citing Fed. R. Crim. P. 12(b)(2)).

[4]      *See supra* p. 2.

[5]      *See Laura Fitzgerald, Is Jurisdiction Jurisdictional?*, 95 Nw. U.L. Rev. 1207, 1234 n.114 (2001) ("Since 1948, the [Supreme] Court's power to issue an 'original' writ of habeas corpus has been embodied in 28 U.S.C. § 2241 . . . ." (citations omitted)); *see also Carey v. Saffold*, 536 U.S. 214, 233 (2002) (Kennedy, J., dissenting) (referring to Section 2241 as the authority for the filing of "a petition for an original writ of habeas corpus").

As discussed elsewhere, Mr. Hugley has also requested a writ of habeas corpus under 28 U.S.C. § 2241.[6] Thus, the reference to an "original writ of habeas corpus" is superfluous.

<u>A Writ of Habeas Corpus Under 28 U.S.C. § 2241</u>

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence.[7] In contrast, a motion under 28 U.S.C. § 2255 attacks the validity of a conviction or sentence.[8] All of the Petitioner's substantive claims involve challenges to the validity of the conviction or sentence.[9] Thus, a motion for vacatur of the sentence under Section 2255 would ordinarily provide the sole remedy.[10]

---

[6]     *See supra* p. 1.

[7]     *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[8]     *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that "[p]etitions under § 2241 are used to attack the execution of a sentence" and that proceedings under § 2255 "are used to collaterally attack the validity of a conviction and sentence" (citations omitted)).

[9]     *See supra* pp. 1-2.

[10]    *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) ("A challenge to the propriety of the federal conviction or sentence itself . . . must proceed under § 2255, not § 2241 . . . ." (citation omitted)).

I.      Challenge to the Conviction Based on an Absence of Trial Court Jurisdiction

As noted above, one of the Petitioner's claims involves an absence of jurisdiction in the trial court.[11]  This claim involves validity of the conviction, and Section 2255 would ordinarily supply the exclusive remedy.[12]

The Petitioner argues that the trial court lacked jurisdiction and that jurisdictional challenges can be raised at any time.  But even if jurisdictional challenges can be raised at any time, the Petitioner cannot assert the issue in any form that he chooses.  Because the jurisdictional challenge implicates validity of the conviction, Mr. Hugley must raise the issue through a motion under Section 2255 rather than a habeas petition under Section 2241.[13]

---

[11]     *See supra* pp. 1-2.

[12]     *See Rosborough v. United States*, 352 Fed. Appx. 238, 240 (10th Cir. Sept. 30, 2009) (unpublished op.) (holding that a habeas claim involving absence of jurisdiction in the trial court "clearly [sought] substantive § 2255 relief," despite the claimant's invocation of Section 2241, because the issue involved validity of the conviction and sentence), *cert. denied*, __ U.S. __, __ S. Ct. __, 2010 WL 1006123 (U.S. Mar. 22, 2010); *Maddix v. United States*, 62 Fed. Appx. 215 (10th Cir. Mar. 18, 2003) (unpublished op.) (upholding the district court's refusal to entertain a habeas claim involving absence of jurisdiction in the trial court because the issue involved validity of the conviction and Section 2255 provided the sole remedy.)

[13]     A similar issue arose in *Cradle v. United States*, 290 F.3d 536 (3d Cir. 2002) (*per curiam*). There a federal prisoner sought habeas relief under Section 2241 based on the trial court's lack of jurisdiction to impose the sentence.  *See Cradle v. United States*, 290 F.3d at 538.  The prisoner argued that he could utilize a habeas petition under Section 2241 because "a challenge to the district court's jurisdiction can be raised 'any place and at any time' and . . . he [was] procedurally precluded from proceeding under § 2255."  *Id.*  The Third Circuit Court of Appeals rejected the argument based on "the explicit terms of 28 U.S.C. § 2255" even though the claims had involved jurisdiction.  *Id.*

II.     Challenges Involving the Disparity in Sentencing for Offenses Involving Cocaine
        Base and Cocaine Powder

The Petitioner challenges the sentence based on inequality in the sentences for

offenders dealing in crack and cocaine powder.  According to the Petitioner, he was

sentenced under an "enhanced" ratio and "the only valid crack ratio is 1 to 1."[14]

The challenges involve validity of the sentence.  As a result, Mr. Hugley would

ordinarily need to present the issue through a motion under Section 2255.[15]

III.    Challenges Involving Enactment of the Underlying Statutes

Mr. Hugley also alleges that he was convicted under statutes that had not been

properly enacted.  This claim involves validity of the conviction, rendering Mr. Hugley's

exclusive remedy a motion under Section 2255.[16]

IV.     Claim Involving the Constitutionality of Plea Bargaining

The Petitioner claims that plea bargaining is unconstitutional.  Again, however, the

claim would implicate the validity of the conviction or sentence.  As a result, the remedy

---

[14]     Petitioner's Habeas Corpus Petition Pursuant to the Original Habeas Corpus, and/or Pursuant
to 28 USC Section 2241, and Request for Dismissal of Indictment and Conviction Based on Actual
Innocence of the Enhanced Charges, and Request for Declaratory Judgment at p. 2 (Apr. 2, 2010)
("Petition").

[15]     In *Williams v. Conner*, 46 Fed. Appx. 918, 919 (10th Cir. July 30, 2002) (unpublished op.),
a federal prisoner invoked Section 2241 to challenge the sentence based on a question involving the
quantity of cocaine.  The Tenth Circuit Court of Appeals held that Section 2255 provided the
exclusive remedy because the claim involved validity of the sentence.  *Id*.

[16]     *See Braun v. Stole*, 15 Fed. Appx. 610, 611 (10th Cir. June 26, 2001) (unpublished op.)
(holding that a federal prisoner had to proceed with a motion under Section 2255, rather than a
habeas petition arising under Section 2241, because he was challenging the legality of his detention
when he claimed that the Comprehensive Crime Control Act of 1984 had not been properly enacted).

provided in Section 2255 is exclusive and Mr. Hugley cannot raise the issue in a habeas petition under Section 2241.[17]

V.      Claims Involving "Actual Innocence"

In the petition, Mr. Hugley alleges his innocence regarding the underlying charges and the sentence. On its face, the innocence claim implicates validity of the conviction or sentence, rendering a motion under Section 2255 the exclusive remedy.[18] But many courts have held that a federal prisoner's showing of actual innocence can justify pursuit of a habeas petition because of the "inadequacy" or "ineffectiveness" of a motion under Section 2255.[19] Against this backdrop, the Court must assess Mr. Hugley's assertion of innocence. Under any conceivable benchmark, the Court should reject Mr. Hugley's assertion of innocence as a basis to invoke Section 2241 and avoid the restrictions in Section 2255.

_____

[17]     A similar issue arose in *Rosborough v. United States*, 352 Fed. Appx. 238 (10th Cir. Sept. 30, 2009) (unpublished op.), *cert. denied*, __ U.S. __, __ S. Ct. __, 2010 WL 1006123 (U.S. Mar. 22, 2010). There a federal prisoner filed a habeas petition under Section 2241, challenging the validity of the plea agreement which led to a conviction. *See Rosborough v. United States*, 352 Fed. Appx. at 240. The Tenth Circuit Court of Appeals held that the petitioner had to assert the claim through a motion under Section 2255, rather than a habeas petition under Section 2241, because the issue involved validity of the conviction and sentence. *Id*., 352 Fed. Appx. at 240; *see also supra* note 12 (discussing *Rosborough v. United States*).

[18]     *See supra* p. 4.

[19]     *See Prevatte v. Gunja*, 167 Fed. Appx. 39, 43 (10th Cir. Feb. 13, 2006) (unpublished op.) (noting that several circuits have held that actual innocence on the offense of conviction would satisfy the savings clause); *see also Morales v. Bezy*, 499 F.3d 668, 674 (7th Cir. 2007) (Rovner, J., dissenting) ("Many courts . . . have held that a § 2241 is available only when there is both a valid claim of actual innocence and the petitioner has not had an unobstructed opportunity to present the claim prior to this time." (citations omitted)).

A.    Innocence on the Underlying Charges

In the trial court, Mr. Hugley pled guilty, the court accepted the plea, and the trial judge imposed a conviction.[20]  Nonetheless, Mr. Hugley asserts that he "was actually innocent of the alleged crimes committed."[21] This assertion is not explained or supported and is inadequate to avoid the statutory remedy provided in 28 U.S.C. § 2255 (2006).[22]

"[R]ecourse to the § 2241 remedy will be unavailing unless accompanied by a clear showing of actual innocence."[23] This showing requires a demonstration "'that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him.'"[24]

The Court may take judicial notice of Mr. Hugley's petition to enter a guilty plea.[25] There Mr. Hugley stated under oath that he was guilty, explaining:

---

[20]    *See infra* pp. 8-9.

[21]    Petition at p. 12.

[22]    *See United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000) (rejecting a federal prisoner's argument for a right to pursue a habeas petition under Section 2241, bypassing a motion under Section 2255, because the allegation of "actual innocence" was "unsupported").

[23]    *United States v. Apodaca*, 90 Fed. Appx. 300, 304 n.10 (10th Cir. Jan. 30, 2004) (unpublished op.).

[24]    *United States v. Powell*, 159 F.3d 500, 502 (10th Cir. 1998) (citation omitted).

[25]    *See Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (noting "that the court is permitted to take judicial notice of its own files and records" (citation omitted)), *abrogated in part on other grounds*, *McGregor v. Gibson*, 248 F.3d 946, 953, 955 (10th Cir. 2001) (*en banc*).

On Jan. 26, 2009 in Lawton, OK in the Western District I possessed more than 5 grams of crack cocaine with the intent to sell it. I also possessed a Taurus 9 MM handgun after a previous domestic violence conviction in City Court in Lawton.[26]

The Petitioner has not identified any evidence of actual innocence or a reason to question the truthfulness of his sworn admission of guilt.

In appraising the sufficiency of the Petitioner's showing, the Court must decide whether to allow Mr. Hugley to present additional evidence. Mr. Hugley has requested an evidentiary hearing.[27] For an evidentiary hearing, however, Mr. Hugley "must identify evidence that demonstrates that he probably would not have been found guilty beyond a reasonable doubt by any reasonable juror."[28]

Mr. Hugley does not satisfy this burden, as he fails to "explain how or what evidence he may produce to prove his actual innocence . . . ."[29] The Petitioner's bare assertion of actual innocence does not justify an evidentiary hearing.

The Petitioner is left with his bald assertion of actual innocence. He fails to say why he believes he is innocent or to identify any evidence that would reflect his innocence. Against the backdrop of Mr. Hugley's guilty plea and sworn admission of guilt, the bald

---

[26]    Petition to Enter Plea of Guilty at p. 10, *United States v. Hugley*, Case No. CR-09-62-D (W.D. Okla. Apr. 7, 2009).

[27]    Petition at pp. 4, 19.

[28]    *United States v. Cervini*, 379 F.3d 987, 992 (10th Cir. 2004).

[29]    *United States v. Powell*, 159 F.3d 500, 502 (10th Cir. 1998).

assertion of innocence does not justify avoidance of the exclusive remedy provided in 28 U.S.C. § 2255 (2006).

### B. "Actual Innocence" Regarding the Sentence

Mr. Hugley also claims that he is "**actually innocent** of the enhanced crimes for which he was charged."[30] In this part of the petition, Mr. Hugley appears to argue that the penalties were unfairly harsh for offenses involving crack cocaine.[31]

On its face, this claim again involves validity of the sentence and a motion under Section 2255 would provide the exclusive remedy.[32] However, the Court may assume *arguendo* that the Petitioner is attempting to invoke the savings clause in Section 2255.

Under the savings clause, Section 2255 would not supply the sole remedy if it is "inadequate or ineffective."[33] As noted above, some courts have held that actual innocence on the offense of conviction would satisfy the savings clause.[34] One may assume *arguendo* that the federal district court should follow the lead of these jurisdictions. Even with this assumption, however, the Petitioner could not invoke the savings clause because "[a] person cannot be actually innocent of a noncapital sentence."[35] As a result, the Court should decline

---

[30]     Petition at p. 2 (emphasis in original).

[31]     *See supra* p. 6.

[32]     *See supra* pp. 4, 6.

[33]     28 U.S.C. § 2255(e) (2009 supp.).

[34]     *See supra* note 19.

[35]     *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993).

to entertain the habeas petition notwithstanding Mr. Hugley's reference to his "innocence" regarding the factors which had contributed to his sentence.[36]

<u>Claim for a Declaratory Judgment</u>

In the title and prayer, Mr. Hugley asks for a declaratory judgment stating that his indictment and conviction were void and that his confinement is unconstitutional. These claims cannot be entertained in a separate action for declaratory relief.

The Tenth Circuit Court of Appeals has held that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 "does not provide a means whereby previous judgments by . . . federal courts may be reexamined, nor is it a substitute for . . . post conviction remedies."[37] Thus, courts have not allowed federal prisoners to avoid Section 2255 through the filing of a claim for declaratory relief.[38] Under the prevailing view, Mr. Hugley cannot bypass Section 2255

---

[36] A similar issue existed in *United States v. Ward*, 55 F.3d 412 (8th Cir. 1995). There a federal defendant was convicted of manufacturing methamphetamine and conspiracy to manufacture methamphetamine. *See United States v. Ward*, 55 F.3d at 412. The federal sentencing guidelines provided a more severe sentence depending on the type of methamphetamine involved. *See id.* The federal prisoner argued that he was incorrectly given an excessive sentence under the mistaken belief that he was making a particular type of methamphetamine. *See id.* According to the inmate, the court should have reached the merits of the claim based on his "actual innocence" because "the sentence [had not been] based on the substance that he [had] actually manufactured." *Id.* at 413-14. The Eighth Circuit Court of Appeals rejected the argument, reasoning that it would have exposed virtually every federal sentence to collateral review. *Id.* at 414.

[37] *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir. 1966) (*per curiam*) (citations omitted).

[38] *See United States v. Gutierrez*, 116 F.3d 412, 416 (9th Cir. 1997) ("Because the Declaratory Judgment Act is not a substitute for a § 2255 motion to correct a sentence, we affirm the district court's decision to deny [the federal prisoner's] motion for declaratory relief."); *Hurley v. Lindsay*, 207 F.2d 410, 411 (4th Cir. 1953) (*per curiam*) (stating that if an irregularity existed in the sentence or underlying orders, the federal prisoner's "remedy was a motion in the sentencing court under 28 U.S.C. § 2255, not a petition for a declaratory judgment in another court").

through a separate action for a declaratory judgment.  As a result, the claim for declaratory

relief should be dismissed.

## Disposition of the Present Action

The present action involves a challenge to the validity of the conviction and sentence,

making 28 U.S.C. § 2255 the exclusive remedy.[39]  One potential issue is whether the Court

should recharacterize the action as a Section 2255 motion.  The Court should decline to do

so.  The proper disposition would involve dismissal rather than recharacterization.

Mr. Hugley states that he does not want the Court to construe the current petition as

one seeking relief under Section 2255.[40]  In these circumstances, the Court should dismiss

the action rather than recharacterize the suit against Mr. Hugley's wishes.

## Notice of the Right to Object

The parties may file a written objection to this report and recommendation.[41]  Any

such objection must be filed with the Clerk of the United States District Court by June 7,

2010.[42]  A failure to timely object would result in waiver of the right to appeal the suggested

ruling.[43]

---

[39]    *See supra* pp. 2-12.

[40]    *See* Petition at pp. 4-5; *see also supra* p. 2.

[41]    *See* 28 U.S.C. § 636(b)(1) (2006).

[42]    28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[43]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Status of the Referral

The referral is discharged.

Entered this 19th day of May, 2010.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge